# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DEBORAH ISAAC,**

        Plaintiff,

  v.

**VIASOURCE, INC., and TY MCBRIDE, Individually,**

        Defendants.

Case No. _____

**Jury Demand**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH ISAAC, ("Plaintiff"), sues the Defendants, VIASOURCE, INC. (hereinafter "the Company"), and TY MCBRIDE, individually, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. as a result of unpaid minimum wage compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and Florida law.

## General Allegations

1. Plaintiff was an employee who worked for the Company from approximately 2004 to December 16, 2024.

2. Plaintiff worked for the Company as an hourly paid employee, and worked remotely from Jacksonville, Florida for the Company as a W-2 employee.

1

3. At all material times relevant to this Complaint, the Company is a North Carolina Corporation that operates and conducts business located at 4209 Asherton Drive, Charlotte, North Carolina 28226.

4. The Company operates as a full-service company providing consultants to its customers for training and development. *See* www.via-source.com.

5. During Plaintiff's employment, the Company earned more than $500,000.00 per year in gross sales.

6. During Plaintiff's employment, the Company, employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to telephones, computers, office equipment and supplies, and other items which had travelled in interstate commerce.

7. Therefore, at all material times relevant to this action the Company is/was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

8. Plaintiff is also individually covered by the FLSA as a result of her work, including phone calls and emails, which travelled in interstate commerce.

9. At all times relevant to this action, Defendant, TY MCBRIDE, was an

individual resident of the State of North Carolina, who owned and/or operated the Company, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees, and (c) control the finances and operations of the Company.

## Jurisdiction and Venue:

10. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question) and over Plaintiff's state law claims is based on 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants live and operate their headquarters in this District.

## Overtime Violations

12. At all times material to this cause of action, Plaintiff, was a non-exempt hourly employee and therefore entitled to at least minimum wages during her employment with Defendants.

13. Plaintiff worked for Defendants for years, paid as a W-2 employee routinely for her work.

14. However, near the end of 2024, Defendants stopped paying Plaintiff the wages owed to her.

15. On December 16, 2024, Plaintiff sent Defendants an email memorializing the unpaid wages owed to her. Attached as Exhibit A is a copy of that email.

16. Defendants did not respond to this email.

17. Plaintiff also hired the undersigned law firm, who sent a subsequent letter to Defendants on January 13, 2025 demanding payment of the owed wages.

18. Defendants did not respond to Plaintiff's Counsel's letter.

19. To date, Plaintiff has still not been paid the wages owed to her.

20. Defendants have violated the FLSA and Florida law by failing pay Plaintiff at least the minimum wages owed to her, as well as the agreed upon wages owed to Plaintiff.

21. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

22. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION (FLSA)**

23. Plaintiff reincorporates and readopts all allegations contained within

Paragraphs one (1) through twenty-two (22) above as though stated fully herein.

24. Plaintiff is/was entitled to be paid the minimum wage for each hour worked under the FLSA.

25. During her employment with the Company, Plaintiff was not paid any wages for approximately seven weeks of work. *See supra* and Ex. A.

26. Defendants did not have a good faith basis for its failure to pay Plaintiff at least the minimum wage for each hour worked.

27. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff at least the minimum wage for each hour worked, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEBORAH ISAAC, demands judgment against Defendants for the payment of all hours at the applicable minimum wage rate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF MINIMUM WAGE COMPENSATION

## (ART. X, SEC. 24, FLORIDA CONSTITUTION)

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through twenty-two (22) above as though stated fully herein.

31. Plaintiff is/was entitled to be paid the minimum wage for each hour worked under Art. X, Section 24 of the Florida Constitution.

32. During her employment with the Company, Plaintiff was not paid any wages for approximately seven weeks of work. *See supra* and Ex. A.

33. Defendants did not have a good faith basis for its failure to pay Plaintiff at least the minimum wage for each hour worked.

34. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff at least the minimum wage for each hour worked, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

35. As a result of Defendants' willful violation of Florida law, Plaintiff is entitled to liquidated damages.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEBORAH ISAAC, demands judgment against Defendants for the payment of all hours at the applicable Florida minimum wage rate, liquidated damages, reasonable attorneys' fees and costs incurred in this

action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III - RECOVERY OF FLORIDA UNPAID WAGES

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through twenty-two (22) above as though stated fully herein.

38. Plaintiff was paid a specific hourly rate by Defendants for years of work.

39. In late 2024, Defendants were paying Plaintiff $46 per hour for work performed.

40. During her employment with the Company, Plaintiff was not paid any wages for approximately seven weeks of work. *See supra* and Ex. A.

41. Based on Plaintiff's hourly rate, she is entitled to $10,568.50 in wages. *See* Ex. A.

42. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff her agreed upon hourly rate, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

43. Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to recover attorneys fees in an action for unpaid wages.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DEBORAH ISAAC, demands judgment against Defendants for the payment of all hours at the agreed upon hourly rate, pre-judgment interest, post-judgment interest, and any and all further relief that this Court determines to be just and appropriate.

### Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 25th day of February, 2025.

> **/s/ Jean S. Martin**
> Jean S. Martin, Esq.
> North Carolina State Bar No. 25703
> MORGAN & MORGAN, P.A.
> COMPLEX LITIGATION GROUP
> 201 North Franklin Street, 7th Floor
> Tampa, FL 33602
> Tel: (813) 559-4908
> E: jeanmartin@forthepeople.com
> *Local Counsel for Plaintiff*
>
>
> **/s/ C. RYAN MORGAN**
> DEC. Ryan Morgan, Esq.
> *(Pro Hac Vice Forthcoming)*
> FBN 0015527
> Morgan & Morgan, P.A.
> 20 N. Orange Ave, 15th Floor
> Orlando, FL 32801
> T: (407) 420-1414
> F: (407) 245-3401
> E: RMorgan@forthepeople.com
> *Attorney for Plaintiff*